UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 23 2015 ★
LONG ISLAND OFFICE

---------------------------------------------------------------x
KBM WORLDWIDE, INC.,

              Plaintiff,

-against-

ALKAME HOLDINGS, INC., AND
ROBERT EAKLE,

              Defendants.
--------------------------------------------------------------- x

Civil Action No.:
**CV 15 4316**

**BIANCO, J.**

**TOMLINSON, M**

## COMPLAINT

Plaintiff, KBM Worldwide, Inc. ("KBM"), files this Complaint and alleges the following:

### I. SUMMARY

1. KBM brings this action for equitable relief and monetary damages caused by violations of the antifraud provisions of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5(b) thereunder by Alkame Holdings, Inc.("Alkame "), and Robert Eakle ("Eakle"), (collectively, jointly and severally "the Defendants"). Through this action, KBM seeks to recover losses caused by the Defendants' intentional and/or reckless misconduct, including compensatory damages, which losses may only be avoided if the equitable relief and injunctive relief described herein below are granted.

2. That at all relevant times herein, Eakle was and remains the Chief Executive Officer and Director of Alkame.

3. That KBM was an investor in Alkame and was well-known to the Defendants. KBM's business strategy at the time of the stock purchases and loans and issuance of notes at issue was to invest in publicly-traded, nano-cap companies whose securities are traded on the

Over the Counter Bulletin Board, OTCQB and the "Pink Sheets." Nano-cap companies, such as Alkame, are often capital-constrained, as their low market capitalization hinders their access to banks or investment firms. KBM provides capital to such companies, as an investment in return for shares purchased at a discount to market price.

4. That KBM invested $28,000 in Alkame by purchasing securities directly from Alkame and making loans thereto, and has sustained damages in excess of $100,000, exclusive of attorney's fees, pre judgment interest and costs.

## II. JURISDICTION AND VENUE

5. This action arises under the anti-fraud provisions of the Securities Exchange Act of 1934 (15 U.S.C. §78j(b)), and Securities and Exchange Commission Rule 10b-5 (17 C.F.R. §240.10b-5). The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa). Defendants, directly and indirectly, singly or in concert, made use of the means and instrumentalities of interstate commerce, the means and instruments of transportation and communication in interstate commerce, or of the mails in connection with the acts, practices and courses of conduct alleged in this Complaint, certain of which occurred within the Eastern District of New York.

6. Venue is proper in this court pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b), because certain of the transactions, acts, practices, and courses of conduct constituting violations of duties established by the Federal Securities Laws occurred within this judicial district. Additionally, KBM transacts business and maintains its principal place of business in this district.

7. That in connection with the acts alleged in this Complaint, the Defendants directly or indirectly used the means and instrumentalities of interstate commerce, including, but not

limited to, the mails, interstate telephone communications and the facilities of the national securities markets.

### III. PARTIES

8. That at all times relevant herein, Plaintiff KBM has been and remains a corporation organized and existing under the laws of the State of New York with an office for business in the County of Nassau, not engaged in the banking business.

9. That at all times relevant herein, Defendant Alkame has been and remains a corporation organized and existing under the laws of the State of Nevada, within an office for business in the State of Nevada, County of Clark.

10. That at all times relevant herein, defendant Eakle has been and remains a resident of the State of Nevada, County of Clark.

### IV. FACTUAL ALLEGATIONS

11. That heretofore and from time to time, the Defendants have made material misrepresentations of fact to KBM, knowing that such misrepresentations were false, and upon which KBM relied and was damaged.

12. That as a result of these material misrepresentations, KBM invested $28,000 in Alkame and sustained damages thereby, as well as additional damages caused by the actions of the Defendants, acting in concert or otherwise.

### AS AND FOR A FIRST CAUSE OF ACTION
### PROMISSORY NOTES DEFAULTS

13. KBM repeats and realleges each and every allegation contained in paragraphs 1 through 12 of this Complaint with the same force and effect as if fully set forth at length herein.

14. That on or about January 7, 2015, Alkame, as borrower, made, executed and delivered to KBM a convertible promissory note ("the Note") in the amount of $28,000, which

3

Note was issued pursuant to a Securities Purchase Agreement ("the Agreement") of even date, which provided for certain issuance of, and conversion rights in and to the common stock of Alkame.

15. That both the Note and the Agreement between the parties provided that venue for any action between the parties would be the State of New York, County of Nassau.

16. That in the Note, Alkame: (i) granted KBM the right to convert all or any part of the outstanding and unpaid principal amount and accrued interest of the Note into fully paid and non-assessable shares of common stock of Alkame; and (ii) agreed that an Event of Default of the Note shall occur upon the failure of Alkame to timely issue shares of common stock of Alkame to KBM upon receipt of a conversion notice delivered pursuant to the Note.

17. That in April 2015, Alkame defaulted under the Note by failing and refusing to meet its obligations to maintain current filings under the Exchange Act of 1934 as amended. That accordingly on April 15, 2015, and pursuant to the terms of the Note and Agreement, KBM, through its attorneys, issued a Notice of Default to Alkame setting forth the nature of the default and demanding immediate payments under the Note. The Notice of Default further specified that as a result of the defaults, the principal amount of the Note was automatically increased to 150% of the amount due, again in accordance with the terms and provisions of the Note and Agreement. A true copy of the Notice of Default is annexed hereto and incorporated herein by reference as if set forth at length. That as a result, the principal amount due under the November Note was increased to $42,000.

18. That Alkame has willfully and unlawfully refused to comply with the Notice of Default and have thereby has failed to deliver the Conversion Shares and rather has intentionally sought to hinder, delay and avoid Alkame's conversion obligations pursuant to the Note and

Agreement at the direction of Eakle, whose actions were beyond the scope of his status and duties as Officer and Director of Alkame, and instead were undertaken for his own personal gain.

19. That by virtue of the foregoing, Alkame is in default under the Note and such default has not been cured.

20. That Alkame has not cured the default with respect to the failure to deliver the Conversion Shares thereby causing damages to KBM in an amount to be determined by the Court but not less than an amount equal to $42,000 representing the remaining principal balance due under the Note, together with applicable interest thereon.

21. That Section 1.4(g) of the Note provides that Alkame shall pay to KBM $2,000 per day, in cash, for each day that Alkame fails to deliver the Conversion Shares to KBM following the third (3rd) business day after receipt of a Conversion Notice by KBM, also as liquidated damages and not as a penalty.

22. That moreover, pursuant to Section 1.4(g) of the Notes, Alkame acknowledged that the liquidated damages provision contained in Section 1.4(g) are justified as damages resulting from a failure, attempt to frustrate, interference with the conversion rights are difficult if not impossible to qualify.

23. That Alkame's and Eakle's actions have caused damages to KBM in an amount to be determined by the Court but not less than an amount equal to $42,000 together with applicable interest thereon.

## AS AND FOR A SECOND CAUSE OF ACTION
### FRAUD IN THE INDUCEMENT

24. KBM repeats and realleges each and every allegation contained in paragraphs 1 through 23 of this Complaint with the same force and effect as if fully set forth at length herein.

5

25. That KBM made an investment in the aggregate amount of Twenty Eight Thousand Dollars ($28,000.00) in Alkame as a result of the foregoing transactions and as a result of the Defendants' defaults and intentional wrongdoing has not received any repayment of principal or interest on the Note and has also been deprived of its rights and opportunities to convert the debt into Conversion Shares as aforesaid.

26. That KBM's willingness to assent to the terms of the investment and the Note, and the investment itself, was caused by the fraudulent misrepresentations of Alkame contained within the Note and Agreement and confirmed within resolution of the Board of Directors of Alkame including but not limited to the representations that Alkame would not fail to issue shares of common stock in conversion of the Note, which misrepresentation was the most crucial and important of all because it was always the bargained for expectation of KBM and the intention of the parties that the repayment of the Note would occur via the conversion process.

27. That upon information and belief, Eakle and Cable International, acting in concert and based upon a conspiracy between them, made the foregoing misrepresentations with the knowledge that KBM would rely thereon, and that Alkame had no intention to honor its obligations under the Note and Agreement; Eakle acted unilaterally, outside of the scope of his status and duties as an Officer and Director and for his own personal gain solely to hinder, delay and avoid Alkame's conversion obligations pursuant to the Note and Agreement.

28. That as a result of the foregoing, KBM has been irreparably harmed.

29. That Eakle's and Alkame's actions have caused damages to KBM in an amount to be determined by the Court but not less than an amount equal to $42,000 together with applicable interest thereon.

## AS AND FOR A THIRD CAUSE OF ACTION
## BREACH OF CONTRACT – LOST PROFITS

30. KBM repeats and realleges each and every allegation contained in paragraphs 1 through 29 of this Complaint with the same force and effect as if fully set forth at length herein.

31. That as a direct result of the defaults of the Defendants and their failure to abide by their contractual obligations, KBM has been deprived of, and continues to be deprived of, the opportunity to acquire and to sell the common stock of Alkame at a profit, which profits have been irretrievably lost as the markets for the common stock can no longer be recreated.

32. That by reason of the foregoing, KBM is entitled to judgment in an amount to be determined by the Court and equal to the lost profits that KBM would have realized had the stock been made available and delivered to KBM in accordance with its Conversion Notices, but not less than $42,000.

## AS AND FOR A FOURTH CAUSE OF ACTION
## BREACH OF CONTRACT – LITIGATION EXPENSES

33. KBM repeats and realleges each and every allegation contained in paragraphs 1 through 32 of this Complaint with the same force and effect as if fully set forth at length herein.

34. That the Agreements provide that in the event of a dispute and/or litigation between the parties, the prevailing parties shall be entitled to recover all of its litigation expenses including reasonable attorney fees.

35. That by reason of the foregoing, KBM is entitled to a judgment against Defendants for the reasonable legal fees and litigation expenses paid or incurred in this action.

## AS AND FOR A FIFTH CAUSE OF ACTION FRAUD: VIOLATIONS OF SECTION 10(b) of the EXCHANGE ACT [15U.S.C. §78j(b) and Rule 10(b)-5b THEREUNDER [17 C.F.R.§240.10b-5 (b)]

36. KBM repeats and realleges each and every allegation contained in paragraphs 1 through 35 of this Complaint with the same force and effect as if fully set forth at length herein.

37. That through the foregoing conduct, Eakle, together with and acting in concert with Alkame, knowingly and recklessly engaged in manipulation and deceptive conduct in connection with a securities transaction in violation of 15 U.S.C. §78j(b) and the Rules and regulations promulgated thereunder, by failing to disclose and misrepresenting the true nature of their intentions as set forth above.

38. That the Defendants further engaged in knowing manipulation and deceptive conduct by directly representing and warranting that Alkame would honor its obligations pursuant to the Note and Agreement when in truth and in fact they had no intention to do so.

39. That in reliance on the foregoing misrepresentations and material omissions by the Defendants, KBM was induced to purchase Alkame's securities and to make loans to Alkame as aforesaid.

40. That as a direct and proximate result of the Defendant's conduct, KBM suffered damages, in an amount to be determined by the Court, for not less than $42,000.

## AS AND FOR A SIXTH CAUSE OF ACTION – THE INTENTIONAL INTERFERENCE WITH KBM'S CONTRACTUAL RIGHTS

41. KBM repeats and realleges each and every allegation contained in paragraphs 1 through 40 of this Complaint with the same force and effect as if fully set forth at length herein.

42. That the defendant Eackle with knowledge of the contractual obligations of Alkame, intentionally and unjustifiably interfered with the business relationship between KBM

and Alkame by causing Alkame to deliberately and without justification refuse to permit the conversion process to be completed as described above, and to deliver the stock to KBM as aforesaid.

43. That as a direct and proximate result of the foregoing, Eakle intentionally interfered with the contracts between KBM and Alkame, thereby causing Alkame to breach those contracts in tortious contravention of the rights of KBM.

44. That by virtue of the foregoing, KBM is entitled to judgment against Eakle in an amount to be determined by the Court, but in no event less than $42,000.00.

## AS AND FOR A SEVENTH CAUSE OF ACTION – INJUNCTIVE AND EQUITABLE RELIEF

45. KBM repeats and realleges each and every allegation contained in paragraphs 1 through 44 of this Complaint with the same force and effect as if fully set forth at length herein.

46. That the total amount of principal due to KBM is $42,000 exclusive of any additional liquidated damages, consequential damages, default interest, statutory prejudgment interest, legal fees, court costs and litigation expenses.

47. That while KBM is clearly entitled to a money judgment, Alkame is clearly incapable of satisfying any such judgment obtained.

48. That in its most recent filing required under the Federal Securities Laws, to wit, a Form 10Q, Alkame concedes that its liabilities exceed its assets, and that it is therefore insolvent.

49. That Alkame also represents therein that for that period that it is operating in a deficit, and is essentially unable to pay its debts, such that it is thereby once again insolvent.

50. That the only viable avenue available to KBM to obtain repayment of the outstanding Notes is by exercising its conversion rights and thereby obtaining unrestricted shares of stock in Alkame and selling those shares on the open market.

51. That at present there is an active market for Alkame's stock which continues to trade in significant volume.

52. That so long as that activity continues and assuming that KBM's conversion rights are not frustrated or impeded, KBM will be able to obtain the unrestricted shares, sell them in the market place, and recover the outstanding principal indebtedness owed to it as well as anticipated profits.

53. That the market for the shares of stock in Alkame is extremely volatile, such that there can be no assurance that the current level of activity will continue to be sustained.

54. That if as and when such trading subsides or is curtailed, any shares obtained by KBM may at that time no longer be saleable thereby preventing KBM from recovering the indebtedness due it, thereby leading to irreparable harm based on unrecoverable judgments.

55. That time is of the essence, and to prevent KBM from suffering such irreparable harm, KBM must immediately be permitted to exercise its conversion rights, and the Defendants must be immediately directed to cooperate with the same and to deliver the shares of stock at issue.

56. That because of the nature, condition, and value of the stock which KBM seeks to acquire in this action is unique to it under the facts and circumstances presented, and because KBM will suffer and sustain irreparable damage that cannot be recovered through a money judgment against the Defendants, KBM has no adequate remedy at law and is entitled to equitable relief.

57. That by virtue of the foregoing, KBM is entitled to and demands a judgment directing the Defendants to execute and deliver all documents necessary to complete the

conversion process and to deliver the stock sought by KBM and to which it is contractually entitled in the form of a mandatory injunction.

### AS AND FOR AN EIGHTH CAUSE OF ACTION – BREACH OF FIDUCIARY DUTY

58. KBM repeats and realleges each and every allegation contained in paragraphs 1 through 57 of this Complaint with the same force and effect as if fully set forth at length herein.

59. That by reason of the insolvency of Alkame as described hereinabove, as a Director of Alkame, a fiduciary relationship was created between Eakle as a Director of Alkame, and Alkame's creditors, including KBM.

60. That as a result of this fiduciary relationship, Eakle became a fiduciary of KBM and was obligated to act in KBM's best interest, as the remaining assets of Alkame were constructively being held in trust for the benefit of creditors in the place and stead of the shareholders, who no longer had any equity in Alkame.

61. That Eakle failed and refused to base his decisions and actions in the interest of creditors such as KBM thereby breaching his fiduciary obligations.

62. That by failing and refusing to cause Alkame to comply with its Federal Securities filings as described above, and by further determining to prevent Alkame from allowing the conversion process to go forward, the decisions and actions of Eakle as a Director of Alkame were the direct and proximate cause of all of KBM's damages.

63. That by reason of the foregoing, KBM is entitled to a personal money judgment against Eakle in an amount to be determined by the Court but not less than $42,000 due to Eakle's breach of fiduciary duty.

WHEREFORE, KBM demands judgment against Defendants as follows:

(i) For $42,000 on the First Cause of Action;

(ii) For $42,000 on the Second Cause of Action;

(iii) For an amount of lost profits to be determined by the Court but in no event less than $42,000 on the Third Cause of Action;

(iv) Awarding KBM its reasonable legal fees and costs of litigation on the Fourth Cause of Action;

(v) For an award of consequential damages in an amount to be determined by the Court but no less than $42,000 on the Fifth Cause of Action;

(vi) For an award of consequential damages in an amount to be determined by the Court but no less than $42,000 on the Sixth Cause of Action;

(vii) For a temporary restraining order and a preliminary and permanent injunction against the Defendants directing that said Defendants and their agents, servants and employees immediately take all steps necessary and proper to permit the conversion of debt to stock and to deliver the stock at issue as described above on the Seventh Cause of Action;

(viii) For an award of consequential damages against Eakle in an amount to be determined by the Court but not less than $42,000 on the Eighth Cause of Action; and

(ix) Together with the costs and disbursements of this action, interest at the rate of default as set forth in the Note; pre-judgment interest as provided by statute, and such other and further relief as the Court may deem just and proper.

Dated: Great Neck, New York
       July 8, 2015

NAIDICH WURMAN LLP

By: _____
Richard S. Naidich, Esq. (RSN 4102)
111 Great Neck Road, Suite 214
Great Neck, NY 11021
Telephone:  516-498-2900
Facsimile:   516-466-3555
Attorneys for Plaintiff – KBM WORLDWIDE, INC.

# NAIDICH WURMAN LLP
*Attorneys at Law*

RICHARD S. NAIDICH
KENNETH H. WURMAN

JUDAH A. EISNER

111 GREAT NECK ROAD, SUITE 214
GREAT NECK, NEW YORK 11021
TELEPHONE (516) 498-2900
FACSIMILE (516) 466-3555

BERNARD S. FELDMAN
ROBERT P. JOHNSON

OF COUNSEL

April 15, 2015

### NOTICE OF DEFAULT

*VIA E-MAIL (Robert.eakle@alkamewater.com);*
*(Terence@kiltcapital.com); (mdion@curingcapital.com)*
*& FEDERAL EXPRESS*

Alkame Holdings, Inc.
3651 Lindell Road – Suite D #356
Las Vegas, Nevada 89103

ATTN: Robert Eakle, Chief Executive Officer

RE:   KBM Worldwide, Inc. with Alkame Holdings, Inc.

Dear Mr. Eakle:

As you know, KBM Worldwide, Inc. (the "Investor") made loans to Alkame Holdings, Inc. (the "Company") and the Company executed, among other things one or more Convertible Promissory Note(s) (the "Note(s)"). The Note(s) provide in pertinent part that the Company shall be in default, if it fails to comply with the reporting requirements of the Exchange Act.

Based upon the foregoing, the Company is now in default under the Note(s). Demand is hereby made for the immediate payment as provided in the Note(s) a sum representing 150% of the remaining outstanding principal balances, together with Default Interest as provided for in the Note(s) (the "Default Amount"). Your failure to comply with the demand of this letter will result in the investor, exercising all rights under the Note(s). Additionally, should the Default Amount not be paid within 5 business days from the date of this letter, in addition to all the other rights and remedies available to it, the Investor shall in its sole discretion convert the Default Amount into equity as provided for in the Note(s).

Very truly yours,

Bernard S. Feldman,
Of Counsel

BSF:ms
Cc: KBM Worldwide, Inc.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK          Civil Action No.:
KBM WORLWIDE, INC.,

                                Plaintiff,

        -against-

ALKAME HOLDINGS, INC. and ROBERT EAKLE,

                               Defendants.

## SUMMONS AND COMPLAINT

**NAIDICH WURMAN LLP**
**ATTORNEYS FOR PLAINTIFF**
**111 GREAT NECK ROAD - SUITE 214**
**GREAT NECK, NEW YORK 11021**
**(516) 498-2900**

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

DATED: July 8, 2015            Signature: _____
                                       Print: Richard S. Naidich, Esq.

Service of a copy of the within        is hereby admitted.
Dated:
                                                    Attorney(s) for

PLEASE TAKE NOTICE

NOTICE       that the within is a (certified) true copy of an Order entered
OF ENTRY   in the office of the clerk of the within named Court on      , 20___ .

NOTICE OF     that an Order of which the within is a true copy will be presented for
SETTLEMENT settlement to the Hon.            , one of the judges of
              within named Court, at         on      , 20____ at
              a.m.

DATED: Great Neck, New York
          July 8, 2015         NAIDICH WURMAN LLP
                                  Attorneys for Plaintiff
                                  111 Great Neck Road - Suite 214
                                  Great Neck, New York 11021
                                  (516) 498-2900